# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| In the Matter of the Extradition of Diego Saed aka Diego Maradona Haval Saed | ) Case No. 4:24-mj-70178-MAG |
| | ) |
| | ) |
| | ) |
| | ) **UNDER SEAL** |
| *Defendant(s)* | |

FILED
Feb 01 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**FILED UNDER SEAL**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  December 9, 2020 to May 31, 2021  in the county of  Canada  in the _____ District of _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 3184 | Being a fugitive from Canada, which has sought his provisional arrest with a view towards extrdition on the charges of one count of trafficking in a controlled substances, in violation of section 5(1) of the Controlled Drugs and Substances Act (CDSA), and three counts of possession for the purposes of trafficking a controlled substance, in violation of section 5(2) of the CDSA. |

This criminal complaint is based on these facts:

See attached Complaint.

☐ Continued on the attached sheet.

*Complainant's signature*

Maureen C. Bessette
*Printed name and title*

Approved as to form _____
AUSA _____

Sworn to before me and signed in my presence.

Date: 02/01/2024

*Judge's signature*

City and state: Oakland, California

Kandis A. Westmore, U.S. Magistrate Judge
*Printed name and title*

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MAUREEN C. BESSETTE (CABN 165775)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    Email: Maureen.Bessette@usdoj.gov

Attorneys for United States of America

**FILED**

Feb 01 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**FILED UNDER SEAL**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF: DIEGO SAED AKA DIEGO MORADONA HAVAL SAED | CASE NO. 4:24-mj-70178-MAG <br><br> **GOVERNMENT'S COMPLAINT FOR PROVISIONAL ARREST VIEW TOWARDS EXTRADITION UNDER 18 U.S.C § 3184** <br><br> **UNDER SEAL** |

## I. INTRODUCTION

The United States of America, through its undersigned counsel, respectfully files under seal this complaint for provisional arrest view towards extradition of Diego SAED (the "Fugitive"). The records and other information requested are set forth in the Attached Arrest Warrant and Criminal Complaint filed herewith.

## II. STATEMENT OF FACTS

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligation to Canada.

2. There is an extradition treaty in force between the United States and the Government of Canada, Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983, *as amended by* Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. Treaty Doc. No. 101-17 (1990); *and* Second Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 12, 2001, S. Treaty Doc. No. 107-11 (2002) (collectively, the "Treaty").

3. The Treaty provides in Article 11 for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents.

4. In accordance with Article 11 of the Treaty, the Government of Canada has asked the United States for the provisional arrest of Diego SAED aka Diego Maradona Haval SAED ("Saed") with a view towards his extradition.

5. According to the information provided by the Government of Canada, Saed was charged with one count of trafficking in a controlled substance, in violation of section 5(1) of the Controlled Drugs and Substances Act, S.C. 1996, c. 19 ("CDSA"), and three counts of possession for the purposes of trafficking a controlled substance, in violation of section 5(2) of the CDSA.[1]

6. These offenses were committed within the jurisdiction of Canada. A warrant for SAED's arrest was issued on November 23, 2022, by Justice of Peace E. Yao in the Province of British Columbia, Canada.

7. According to information provided by Canadian authorities:

    a) Canada authorities believe, based on evidence they collected from lawfully authorized police searches of drug stash sites (e.g., apartment unit), in combination with police surveillance, building CCTV footage, lawfully

---

[1] The United States is seeking a warrant for Saed's provisional arrest based only on four charges. Canada has requested SAED's provisional arrest on additional charges, and the United States' decision to proceed in urgent circumstances on these select charges is without prejudice to proceeding on additional charges when Canada's formal request for extradition is submitted to the United States, reviewed by the U.S. Department of State, and submitted to the Court.

USA'S COMPLAINT FOR PROVISIONAL
ARREST VIEW TOWARDS EXTRADITION               2

intercepted communications and expert evidence, that Saed committed drug trafficking offenses from at least in or about December 2020 to in or about May 2021.

b) Police searches of drug stash sites located on Homer Street, Vancouver; Hornby Street, Vancouver; Seymour Street, Vancouver; and Alberni Street, Vancouver in December 2020 and May 2021 (conducted pursuant to judicial authorizations) revealed kilogram-level quantities of Schedule I drugs (i.e., carfentanil, fentanyl, methamphetamine, and cocaine), cash, and drug processing and trafficking paraphernalia (e.g., digital scale, Ziploc baggies, and cash counter machine).

c) Evidence from police surveillance, building CCTV footage and intercepted communications revealed that Saed had access to the drug stash sites and attended them regularly, including the stash sites located on Hornby, Seymour and Alberni Streets.  The same evidence showed Saed carrying bags in and out of the stash sites, and later conducting short-duration meetings and bag exchanges with third parties in private locations, consistent with drug trafficking.

d) Evidence from audio and video probes inside the Seymour and Alberni Street stash sites revealed Saed and other members of the drug trafficking organization having conversations with others relating to the drug operation.  Evidence from the video probe inside the Seymour Street stash site showed members of the drug trafficking organization working together, in furtherance of the drug operation.  Saed was captured on video handling cash and bags of white powder.

e) A Canadian law enforcement drug expert concluded that the stash sites were used to prepare Schedule I drugs for the purpose of drug trafficking at the level of distribution and wholesale.

f) On May 31, 2021, Canadian law enforcement located Saed, who after leaving his personal residence was in a taxi in Vancouver.  Vancouver police arrested Saed for trafficking in controlled substances offenses, among others, and conducted a

search incident to arrest and found Saed to be in possession of a key to the Alberni Street stash site (also referred to as Shangri-La).  Saed was released without charged or conditions later that same day.

g) Canadian law enforcement identified Saed through, among other things, police surveillance of the stash sites and trafficking activities of the criminal organization Saed was a part of, a police officer who personally knows Saed, and video images of Saed inside a stash site, handling cash and putting substances into baggies.  Canada provided photographs of Saed.

8. The United States Marshals Service believes Saed can be found within the jurisdiction of this Court in Napa, California.

9. Saed would be likely to flee if he learned of the existence of a warrant for his arrest.

10. The Government of Canada has represented that it will submit a formal request for extradition supported by the documents specified in the Treaty, within the time required under the Treaty.

### III.  CONCLUSION

WHEREFORE, the undersigned requests that a warrant for the arrest of the aforenamed person be issued in accordance with 18 U.S.C. § 3184 and the extradition treaty between the United States and Canada.

DATED: February 1, 2024                    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____
MAUREEN C. BESSETTE
Assistant United States Attorney